IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JOHN McGRAW,

          Plaintiff,

v.

XEROX CORPORATION,

          Defendant.

Civil Action No. _____

## NOTICE OF REMOVAL

Defendant Xerox Corporation (the "Defendant"), by and through undersigned counsel, respectfully submits, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, this Notice of Removal of the case styled *John McGraw v. Xerox Corporation*, currently pending in the Superior Court of the State of Delaware in and for New Castle County, Civil Action No. 06C-03-012-JOH.  In support thereof, the Defendant states as follows.

1.      Plaintiff John McGraw (the "Plaintiff") initiated this civil action by filing a Complaint against the Defendant in the Superior Court of the State of Delaware in and for New Castle County.

2.      As of April 7, 2006, the Plaintiff has served the following process and pleadings upon the Defendant:

          A.      Complaint

          B.      Summons

          C.      Case Information Statement

          D.      Certificate of Value

Copies of the foregoing documents are attached hereto as Exhibits A through D, respectively.

3.      The Defendant first received a copy of the Plaintiff's Complaint on March 22, 2006. This Notice of Removal is being filed with the Court within 30 days of the receipt of the Complaint by the Defendant and is timely filed. *See* 28 U.S.C. § 1446(b).

4.      The Plaintiff is a citizen and resident of New Castle County, Delaware. (Complaint ¶ 1.)

5.      The Defendant is a New York corporation (*id.* ¶ 2) with its principal place of business in Connecticut.

6.      The Plaintiff alleges that his termination was a violation of the implied covenant of good faith and fair dealing. (*Id.* ¶¶ 12-14.) The Plaintiff's counsel has certified that the Plaintiff's damages are in excess of $100,000.00, exclusive of costs and interest. (Exhibit D.) Therefore, as the Plaintiff seeks recovery in excess of $75,000.00 in his Complaint, exclusive of interest and costs, original, diversity jurisdiction is present in this Court and removal is appropriate. *See* 28 U.S.C. §§ 1332(a) and 1441(a).

7.      Removal to this Court is appropriate because the Plaintiff's action is pending in this district and division. *See* 28 U.S.C. § 1441(a).

8.      A Notice of Removal to Federal Court is being filed contemporaneously herewith in the Superior Court of the State of Delaware in and for New Castle County. A copy of this Notice of Removal is attached thereto as an exhibit.

9.      As set forth on the attached Certificate of Service, written notice of this pleading has been served upon counsel for the Plaintiff.

WHEREFORE, the Defendant respectfully notices the removal of this action to this Court

from the Superior Court of the State of Delaware in and for New Castle County pursuant to 28

U.S.C. §§ 1332, 1441, and 1446.  The Defendant expressly reserves all defenses available to it.

ASHBY & GEDDES

Lawrence C. Ashby (No. 468)
Carolyn Hake (No. 3839)
Andrew D. Cordo (No. 4534)
222 Delaware Ave., 17th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888

*Attorneys for the Defendant, Xerox
Corporation*

*OF COUNSEL:*
Robert R. Niccolini
Elena D. Marcuss
McGuireWoods LLP
7 St. Paul Street, Suite 1000
Baltimore, Maryland 21202
410-659-4400

Dated: April 11, 2006
168363.1

3

# EXHIBIT A



EFiled: Mar 1 2006 3:47PM EST
Transaction ID 10692176

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| JOHN MCGRAW, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 06C-03-012 JCK |
| | ) | |
| v. | ) | NON-ARBITRATION |
| | ) | |
| XEROX CORPORATION, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

1.    Plaintiff, John McGraw ("McGraw"), is a resident of New Castle County, Delaware.

2.    Defendant, Xerox Corporation ("Xerox"), is a New York corporation registered to do business in Delaware.

3.    McGraw was employed by Xerox as a Senior Regional Sales Manager from January 10, 2005 until January 27, 2006.

4.    While employed by Xerox, McGraw performed well and received top honors for his district's performance.

5.    On Monday, October 10, 2005, Mr. Ferretti, McGraw's immediate supervisor ("Ferretti") joined McGraw for a series of meetings with customers and prospective customers in the metropolitan Washington, D.C. area. On October 11, Ferretti verbally attached McGraw, at one point telling him to "shut the hell up." Ferretti immediately and without McGraw's knowledge, canceled the scheduled meetings and returned to California, ostensibly for family medical issues. That evening, in accordance with Xerox policies and procedures, McGraw registered a complaint with respect to Ferretti's conduct.

6.    The following day, Ferretti called McGraw to inform him that his employment with Xerox had come to an end, and he could leave the "easy way" or the "hard way." Ferretti further explained that the "easy way" was to resign and accept the modest severance being offered, while the "hard way" was being placed on a "performance improvement process" which would result in his termination.  When McGraw questioned Ferretti on why he was being terminated, Ferretti responded that it was because of sexual harassment and drunkenness at meetings held in Palo Alto, California and because the customers "don't like him." Since this was the first time McGraw had heard of such problems, he asked Ferretti to elaborate.  Instead of explaining, Ferretti refused to furnish any details and pushed McGraw to resign. Thus, the campaign to get rid of McGraw began.

7.    Xerox performed an internal investigation of Ferretti's sexual harassment allegations against McGraw and found no violation.  Xerox also performed an internal investigation of McGraw's allegations of Ferretti's abusive conduct and found that Ferretti's conduct was inappropriate.

8.    In spite of the results of Xerox's investigations, in January 2006 Xerox conditioned McGraw's return to work on his execution of and compliance with a Performance Improvement Process (the "Process"). The Process was implemented for McGraw as a result of new allegations by Ferretti.  Since McGraw had been cleared of Ferretti's prior allegations of sexual harassment, Ferretti now alleged that McGraw had job performance problems such as an inability to properly prepare forecasts and overuse of internal sales representative resources. The Process would allow the termination of McGraw's employment in 30 days unless he was able to meet certain job performance improvement goals. The Process included tasks that, prior to his complaint against Ferretti, had never been assigned to McGraw and, more importantly, for which he had never been

trained. However, the most startling aspect of the Process was that Ferretti would be involved in McGraw's evaluation.

9.    While McGraw did not object to the Process as a learning and improvement tool, fearing that Ferretti would follow through on his threats to get McGraw out of Xerox in precisely this manner, he objected to allowing Ferretti to be the judge and jury of his progress.  McGraw expressed his concerns about Ferretti and asked that a third party be responsible for oversight of his progress. Xerox refused McGraw's request.

10.    Feretti and Xerox could not reach agreement.  On January 27, 2006, McGraw was terminated.

### Count I - Breach of the Implied Covenant of Good Faith and Fair Dealing

11.    Plaintiff incorporates and repeats the allegations of paragraphs 1-10 as if specifically set forth herein.

12.    Plaintiff was allegedly terminated on January 27, 2006 for poor job performance and failure to execute a Performance Improvement Process agreement.

13.    McGraw was not, in fact, discharged for these alleged shortcomings.

14.    By manufacturing false grounds for his discharge, Xerox violated the implied covenant of good faith and fair dealing.

WHEREFORE, plaintiff, John McGraw, respectfully requests that judgment be entered in his favor in an amount to be determined after trial for compensatory damages, prejudgment and post-judgment interest, attorney's fees and other costs incurred in pursuing this action.

SMITH, KATZENSTEIN & FURLOW LLP

Laurence V. Cronin (ID No. 2385)
Etta R. Wolfe (ID No. 4164)
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-8400
Facsimile: 302-652-8405
Email: LVC@skfdelaware.com

Attorneys for plaintiff

March 1, 2006

i0011649.WPD

# EXHIBIT B

EFiled: Mar 1 2006 3:47P
Transaction ID 10692176

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

JOHN MCGRAW,                          )
                                      )
               Plaintiff,             )        C.A. No. 06C-03-012 JLH
                                      )
v.                                    )        NON-ARBITRATION CASE
                                      )
~~Defendant.~~                        )        JURY TRIAL DEMANDED
                                      )
               Defendant.             )

### SUMMONS

THE STATE OF DELAWARE,
TO THE SHERIFF OF NEW CASTLE COUNTY:
YOU ARE COMMANDED:

    To summon the above named defendant, so that, within 20 days after service hereof upon defendant, exclusive of the day of service, defendant shall serve upon Laurence V. Cronin, plaintiff's attorney, whose address is 800 Delaware Avenue, P.O. Box 410, Wilmington, Delaware 19899, an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense).

    To serve upon defendant a copy hereof and of the complaint (and of the affidavit of demand if any has been filed by plaintiff).

Dated: 3/16/06

SHARON AGNEW
Prothonotary
Per Deputy

### TO THE ABOVE NAMED DEFENDANT:

    In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney named above an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).

Dated:

SHARON AGNEW
Prothonotary
Per Deputy

Rev 5/91-1

10011674.WPD

# EXHIBIT C

# SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (C

EFiled: Mar 1 2006 3:47P
Transaction ID 10692176

COUNTY:   [N]   K   S        CIVIL ACTION NUMBER:
06C-03-015 JLR

CIVIL CASE CODE: CDBT        CIVIL CASE TYPE:  Debt/Breach of Contract
(SEE REVERSE SIDE FOR CODE AND TYPE)

| CAPTION: | NAME AND STATUS OF PARTY FILING DOCUMENT: |
|---|---|
| JOHN MCGRAW. | John McGraw, plaintiff |
| Plaintiff, | |
| | DOCUMENT TYPE: (E.G., COMPLAINT; ANSWER WITH COUNTERCLAIM) |
| v. | |
| | Complaint |
| XEROX CORPORATION, | |
| | NON-ARBITRATION __X__     E-Filed__X__ |
| Defendants. | (CERTIFICATE OF VALUE MAY BE REQUIRED) |
| | ARBITRATION ___ MEDIATION ____ NEUTRAL ASSESSMENT ____ |
| | DEFENDANT (CIRCLE ONE)  ACCEPT     REJECT |
| | JURY DEMAND __X__ YES _____ NO |
| | TRACK ASSIGNMENT REQUESTED: (CIRCLE ONE) |
| | EXPEDITED  [STANDARD]  COMPLEX |

| ATTORNEY NAME(S): | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY |
|---|---|
| Laurence V. Cronin (I.D. No. 2385) | CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS |
| | _____ |
| FIRM NAME: | _____ |
| Smith, Katzenstein & Furlow LLP | EXPLAIN THE RELATIONSHIP(S): _____ |
| ADDRESS: | |
| 800 Delaware Avenue, 7th Floor | _____ |
| P.O. Box 410 | _____ |
| Wilmington, DE 19899 | OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT: ____ |
| TELEPHONE NUMBER: | |
| 302-652-8400 | _____ |
| FAX NUMBER: | _____ |
| 302-652-8405 | _____ |
| E-MAIL ADDRESS: | |
| Lcronin@skfdelaware.com | (IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGES) |

**THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND TO HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.**

# EXHIBIT D

EFiled: Mar 1 2006 3:47PM EST
Transaction ID 10692176

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

### IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| JOHN MCGRAW, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. _____ |
| | ) | |
| v. | ) | NON-ARBITRATION |
| | ) | |
| XEROX CORPORATION, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

### CERTIFICATE OF VALUE

I, Laurence V. Cronin, Esquire, attorney for the plaintiff, hereby certify in good faith at this time, in my opinion, that the damages of plaintiff are in excess of $100,000.00, exclusive of costs and interest.

SMITH, KATZENSTEIN & FURLOW LLP


/s/ Laurence V. Cronin
Laurence V. Cronin (I.D. #2385)
800 Delaware Avenue, 7ᵗʰ Floor
P.O. Box 410
Wilmington, DE 19899
(302) 652-8400
Attorneys for Plaintiff

Date:  March 1, 2006

10011650.WPD

## CERTIFICATE OF SERVICE

I hereby certify that this the 11th day of April, 2006 a copy of the foregoing **Notice of Removal** was served upon counsel for the Plaintiff at the address set forth below and in the manner indicated.

<u>BY HAND</u>
Laurence V. Cronin, Esquire
Etta R. Wolfe, Esquire
Smith, Katzenstein & Furlow LLP
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE  19899


Andrew D. Cordo

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

John McGraw

**DEFENDANTS**

Xerox Corporation

**(b)** County of Residence of First Listed Plaintiff   New Castle, DE
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Laurence V. Cronin, SMITH, KATZENSTEIN & FURLOW LLP, 800 Delaware Ave. 7th Flr., PO Box 410, Wilmington, DE 19899, (302)652-8400

Attorneys (If Known)
Lawrence C. Ashby, Carolyn Hake, Andrew D. Cordo, ASHBY & GEDDES, 222 Delaware Ave. 17th Flr., PO Box 1150, Wilmington, DE 19899, (302)654-1888

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☒ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | **PERSONAL INJURY** ☐ 362 Personal Injury - Med. Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent ☐ 840 Trademark | ☐ 480 Consumer Credit ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 550 Civil Rights | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332
Brief description of cause:
Removal of action alleging breach of the implied covenant of good faith & fair dealing

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
April 11, 2006

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No.  0 6 - 2 4 3  _____

# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____1_____ COPIES OF AO FORM 85.

__APR 1 1 2006__          _Todd H. Hines Sr._
(Date forms issued)          (Signature of Party or their Representative)

_Todd H. Hines Sr._
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action