IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN McGRAW,<br><br>   Plaintiff,<br><br>v.<br><br>XEROX CORPORATION,<br><br>   Defendant. | Civil Action No. 1:06-cv-243 |

## ANSWER

Defendant Xerox Corporation, by and through undersigned counsel, hereby answers the Plaintiff's Complaint as follows:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and, therefore, said allegations are denied.

2. Defendant admits the allegations of paragraph 2.

3. Defendant admits the allegations of paragraph 3.

4. Defendant denies the allegations of paragraph 4.

5. Defendant admits that Mr. Ferretti was in the Washington, D.C. area on or about October 10, 2005, for customer meetings with Plaintiff. Defendant further admits that on or about October 11, 2005, Plaintiff inappropriately yelled at Mr. Ferretti, his supervisor, resulting in Mr. Ferretti telling Plaintiff to shut up. Further admitted that Mr. Ferretti thereafter canceled the remaining meetings scheduled for that week and returned to California. Defendant denies the remaining allegations of paragraph 5.

6. Defendant admits that on or about October 12, 2005, Mr. Ferretti spoke with Plaintiff about the need for him to improve his performance, and that Mr. Ferretti told Plaintiff that he had the option of resigning. Defendant denies the remaining allegations of paragraph 6.

7. Defendant admits that it investigated both Plaintiff's complaint about the incident in which Mr. Ferretti told him to shut up and the issue of sexual harassment. While Mr. Ferretti's statement was found to be inappropriate, both investigations concluded that there was no violation of Xerox policy. Plaintiff and Mr. Ferretti were both cautioned about their behavior.

8. Defendant admits that Plaintiff was required to cooperate with Xerox's Performance Improvement Process that required Plaintiff to do certain things and meet certain expectations and that provided that Plaintiff's progress would be reviewed at the end of 30 days. Defendant denies the remaining allegations of paragraph 8.

9. Defendant denies the allegations of paragraph 9.

10. Defendant admits that Plaintiff's employment was terminated on January 27, 2006. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10 and, therefore, said allegations are denied.

**Count I – Breach of the Implied Covenant of Good Faith and Fair Dealing**

11. Defendant hereby refers to and incorporates paragraphs 1-10 of this Answer by reference.

12. Admitted that Plaintiff's employment was terminated on January 27, 2006 for failing to cooperate with the Performance Improvement Process by performing the tasks required.

13. Defendant denies the allegations of paragraph 13.

14. Defendant denies the allegations of paragraph 14.

Defendant responds to the unnumbered "WHEREFORE" paragraph at the end of the Complaint by stating that it denies that judgment should be entered against Defendant and denies that Plaintiff is entitled to any of the requested relief against Defendant under any theory.

## GENERAL DENIAL

Any assertion in the Complaint that is not expressly admitted herein is denied and strict proof thereof is demanded. The Defendant denies that the Plaintiff is entitled to any relief or that the Defendant has any liability to the Plaintiff.

## DEFENSES

### First Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Defendant acted in good faith and dealt with Plaintiff fairly at all times relevant to Plaintiff's claims.

### Third Defense

Defendant did not falsify or manipulate employment records to create a fictitious ground for Plaintiff's termination.

### Fourth Defense

At no time did Defendant's conduct with respect to Plaintiff amount to fraud, deceit or misrepresentation.

### Fifth Defense

Defendant reserves the right to assert that Plaintiff has failed to mitigate his alleged damages.

## RESERVATION OF CLAIMS AND DEFENSES

The Defendant reserves the right to assert any other claims or defenses as may be available or may become available during the course of these proceedings.

## CONCLUSION

WHEREFORE, having answered Plaintiff's Complaint, Defendant respectfully requests that the Court enter judgment in favor of Defendant, dismiss all claims against Defendant with prejudice, award Defendant its costs and reasonable attorney fees, and allow Defendant such other and further relief as the Court may deem just and proper.

ASHBY & GEDDES

/s/ Andrew D. Cordo

Lawrence C. Ashby (No. 468)
Carolyn Hake (No. 3839)
Andrew D. Cordo (No. 4534)
222 Delaware Ave., 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

*Attorneys for the Defendant, Xerox Corporation*

*OF COUNSEL:*
Robert R. Niccolini
Elena D. Marcuss
McGuireWoods LLP
7 St. Paul Street, Suite 1000
Baltimore, Maryland 21202
410-659-4400

Dated: April 18, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this the 18th day of April, 2006 a copy of the foregoing **Answer** was served upon counsel for the Plaintiff at the address set forth below and in the manner indicated.

BY HAND AND ELECTRONIC FILING
Laurence V. Cronin, Esquire
Etta R. Wolfe, Esquire
Smith, Katzenstein & Furlow LLP
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899

_____
Andrew D. Cordo

168572.1